```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LAWRENCE SCAGLIONE, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 04-1742 (JBS) |
| v. | **OPINION** |
| JONATHAN C. MINER, | |
| Respondent. | |

APPEARANCES:

Mr. Lawrence Scaglione
#48483-053
FCI Fairton Camp
P.O. Box 420
Fairton, NJ 08320
    Petitioner pro se

Christopher J. Christie
United States Attorney
    By: Paul A. Blaine, A.U.S.A.
Camden Federal Building
 and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101
    Attorneys for Respondent

**SIMANDLE**, District Judge:

    This matter comes before the Court upon the petition of Lawrence Scaglione ("Petitioner") for habeas corpus relief pursuant to 28 U.S.C. § 2241. In addition, Petitioner has filed a motion for a temporary restraining order and/or preliminary injunction pursuant to Fed. R. Civ. P. 65, challenging the

determination by Respondent Jonathan C. Miner, Warden of the Federal Correctional Institution in Fairton, New Jersey, of Scaglione's pre-release placement date.  Because neither the final placement date nor the specific community correctional center ("CCC") to which Petitioner will be released has yet been decided, Scaglione's habeas petition is factually premature.  The petition will be dismissed.[1]

## BACKGROUND

On or about May 16, 2002, Petitioner Scaglione was charged with one count each of conspiracy to commit bribery, mail fraud, and tax evasion in violation of 18 U.S.C. § 371; six counts of commercial bribery in violation of 18 U.S.C. § 1952(a)(3); six counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1346; two counts of witness tampering in violation of 18 U.S.C. § 1512; and income tax evasion in violation of 26 U.S.C. § 7202.  (Pet. ¶ 6.) On July 30, 2003, Petitioner pled guilty to all 18 counts and was sentenced by Judge William H. Pauley, III, United States District Judge, Southern District of New York, to 41 months imprisonment at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton").  (Id. at ¶¶ 6, 7, 10.)  Petitioner self-

---

[1] Respondent has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Because the habeas petition will be dismissed as factually premature, this motion will be dismissed as moot.

2

surrendered on September 29, 2003 to FCI Fairton where he remains in custody.

Mr. Thomas A. Jones, Executive Assistant/Camp Administrator for FCI Fairton, issued a declaration on June 2, 2005 which projected Petitioner's actual release date to be September 20, 2006, including credit for accumulated good time. (Jones Decl. ¶ 3; Resp. Br. at 7-8.) The declaration further states, however, that Petitioner has not "been considered or recommended for placement in a CCC [as of June 2, 2005] because he is 15 months from his projected release date.[2]" (Id. at ¶ 4.)

Petitioner filed a motion for a temporary restraining order and/or preliminary injunction with this Court on April 1, 2005 pursuant to Fed. R. Civ. P. 65, challenging Respondent Miner's determination of a pre-release date as erroneously complying with two December 2002 memoranda issued by the Office of Legal Counsel ("OLC"). (Pet. Br. at 1-2.) Respondent requests that this Court dismiss Petitioner's claim as factually premature because Scaglione's CCC placement date has not yet been determined. Alternatively, Respondent has moved to dismiss the petition for lack of subject matter jurisdiction because the December 2002

---

[2] Scaglione's full sentence will not expire until February 27, 2007. Actual projected release dates are calculated 11-13 months before pre-release by a Unit Team assigned to each inmate. P.S. 7310.04 ¶ 8. The formula for early release into a CCC = (Full Sentence - Credit for Good Conduct) x 0.9. P.S. 7310.04 ¶ 5.

memoranda are no longer in effect and will not apply to Scaglione.³  (Resp. Br. at 1, 8; Resp. Reply to Mtn. to Dismiss at 1.)

### **DISCUSSION**

Federal law allows for a prisoner to serve "a reasonable part, not to exceed six months, of the last 10 percentum [of his term of imprisonment] under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."  18 U.S.C. § 3624(c).  A CCC, commonly referred to as a "halfway house," is normally used for inmates under pre-release custody to ease the transition from "an institution setting to the community."  P.S. 7310.04 ¶ 7.  Ultimately, "[a] final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date."  Id. at ¶ 8.  Executive Assistant/Camp Administrator Thomas A. Jones has scheduled  Petitioner's Unit Team Meeting for August 2005, at

---

³The OLC memo outlined procedural changes to BOP inmate pre-release placement in community correctional centers ("CCC's") as follows: "(1) The [BOP] will no longer accommodate judicial recommendations for direct CCC placement of inmates sentenced to terms of imprisonment; (2) pre-release programming CCC designations are limited in duration to the last 10% of the prison sentence, not to exceed six months."  (Pet. Br. Ex. A. at 2.)  Correspondingly, the BOP amended 28 C.F.R. §§ 570.20, 570.21, which outline the procedure for designating inmates to CCC's, superceding the OLC memo as of February 14, 2005.  (Resp. Br. at 7, 9.)

which time a CCC referral and the amount of time Petitioner will spend at a CCC will be discussed.  (Declaration ¶ 4.)

Thus the CCC determination pursuant to 28 C.F.R. §§ 570.20 and 570.21 will not be made before August 2005.  Petitioner, however, filed the instant action in opposition to his pre-release determination on April 1, 2005.  [Docket Items 1-2.]  As a result, Scaglione's habeas corpus petition challenging his pre-release date is factually premature.  Accordingly, the instant petition will be dismissed without prejudice to a subsequent petition following the determination of the CCC placement date.

## CONCLUSION

For the above stated reasons, the instant habeas petition will be denied, as will Petitioner's motion for a temporary restraining order and/or preliminary injunction.  Additionally, Respondent's motion to dismiss the action for lack of subject matter jurisdiction will be dismissed as moot.  The accompanying Order will be entered.

**July 20, 2005**                    **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge

5